# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| WAYNE CHEMICAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:08-CV-269 JVB |
| v. ) | |
| ) | |
| DALE TERPENING, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**A.  Introduction**

After nineteen years with Plaintiff Wayne Chemical, Defendant Dale Terpening was terminated from his sales job for defrauding his employer, then later pled guilty to counterfeiting for the same offense.  As part of his plea agreement, Defendant agreed to pay and subsequently paid $90,000 in restitution to Plaintiff. In the instant case, Plaintiff seeks further compensation under the Indiana Crime Victim's Relief Act and has filed a Motion for Partial Summary Judgment as to Defendant's liability, arguing that Defendant's prior guilty plea and payment of restitution preclude him from denying liability. Defendant counters that the particular circumstances of his guilty plea indicate that he has not previously admitted liability and that liability is a factual matter still in dispute.

**B.  Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

C.   **Facts**

Plaintiff hired Defendant as a salesman on August 1, 1988. (DE 27, Resp. Opp'n Mot. Partial Summ. J., Ex. 1 ¶ 4.) Defendant was promoted to the position of National Sales Manager for Wayne Chemical in January 1990. (*Id.* ¶ 5.) On numerous occasions, a company accountant questioned Defendant about his suspicious expense account record. (*Id.* ¶ 16.) Until November 2007, however, his reimbursement requests were always eventually approved despite the questions they raised. (*Id.*) Defendant acknowledges that some of the reimbursement expenses he turned in were exaggerated. (*Id.* ¶ 18.) However, Defendant maintains that he was "never formally or informally counseled, warned, reprimanded, or disciplined in any way for or in connection with [his] expense requests or reports prior to the date [he] was terminated." (*Id.* ¶ 20.)

On November 26, 2007, Plaintiff fired Defendant for the submission of fraudulent expense reports. (DE 27, Resp. Opp'n Mot. Partial Summ. J., Ex. 1 ¶ 23 and DE 15, Answer Am. Compl. ¶ 15.) Defendant asserts that Wayne Chemical merely used that the fraudulent expense reports were merely used as a pretext for his termination. (DE 27 at 5.) He claims that company president William Spindler showed him how to submit and obtain reimbursement for expenses; represented to Defendant as an inducement to come to work for Wayne Chemical that he could earn extra money with the "luxury" of an expense reimbursement program; and explained to Defendant that he could easily make an extra fifty dollars or more a week based on the difference between out-of-pocket expenses versus the company's per diem expense reimbursement. (*Id.* at 4.) According to Defendant, Spindler told him not to worry about his expenses because they were merely a tax write-off for the company. (*Id.*) Defendant says that this pattern and practice

3

was repeated and reinforced throughout his nearly two decades as a Wayne Chemical employee. (*Id.*)

In December 2007, the State of Indiana charged Defendant with forgery and theft. (DE 15 at ¶16.) A charge of counterfeiting was added in August 2008. (*Id.* at ¶ 17.) The same day, Defendant entered into a plea agreement in which he plead guilty to the counterfeiting charge, in exchange for the state's dismissal of the forgery and theft charges. (*Id.* at ¶ 18.)

**D.     Analysis**

On November 18, 2008, Plaintiff filed its Amended Complaint alleging damages under the Indiana Crime Victim's Relief Act, Ind. Code § 34-24-3-1. (DE 10 at ¶ 1.) On April 15, 2010, Plaintiff filed a Motion for Partial Summary Judgment on the issue of Defendant's liability for pecuniary loss as a result of his forgery conviction. (DE 25 at 1.) Plaintiff argues that Defendant is collaterally estopped from denying he committed the predicate criminal act. (DE 29, Reply Supp. Mot. Summ. J. at 1.)

Defendant counters that Plaintiffs should be precluded from asserting collateral estoppel because "nothing has been established with respect to liability." (DE 27 at 2.) Defendant maintains that his guilty plea should not be construed as an acknowledgment of liability, because of the circumstances in which it was entered. At the time of the plea agreement, he argues, Defendant faced conviction on up to three felony counts, any of which may have triggered a lengthy prison sentence, heavy fines, and "other possible adverse outcomes." (*Id.* at 6.) Rather than admitting liability or guilt, Defendant says he entered into the plea agreement for the purpose of avoiding negative results, such as publicity, stress and notoriety, and uncertainty of a

trial. (*Id.*) Defendant stresses that he has "never admitted, pled guilty to, or been convicted of, converting or stealing anything from Wayne Chemical or anyone else." (*Id.* at 7.)

In Indiana, there are two types of collateral estoppel: defensive and offensive. Defensive collateral estoppel occurs when a defendant "seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost against another defendant." *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1038 (Ind. 1993). The use of offensive collateral estoppel is appropriate when a "plaintiff 'seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party.'" *Id.* (quoting *Parklane Hosiery v. Shore*, 439 U.S. 322, 329 (1979)).

A trial court must apply a two-step test in determining the appropriateness of allowing a party to assert offensive collateral estoppel: (1) the trial court must determine if "the party in the prior action had a full and fair opportunity to litigate the issue;" and (2) the trial court must determine "whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case." *Tofany*, 616 N.E.2d at 1038.

First, the Court must consider whether Defendant had a "full and fair opportunity to litigate the issue" of Defendant's liability. The Second Restatement of Judgments § 29, Comment b instructs that an issue has been fully and fairly litigated if the party was afforded due process in the first action:

> A party who has had the full and fair opportunity to litigate an issue has been accorded the elements of due process. In the absence of circumstances suggesting the appropriateness of allowing him to relitigate the issue, there is no good reason for refusing to treat the issue as settled so far as he is concerned other than that of making the burden of litigation risk and expense symmetrical between him and his adversaries.

Defendant was accorded due process in the previous action. There is nothing in the

record to suggest that he unknowingly or involuntarily waived his right to a jury trial by entering a guilty plea. In fact, Defendant himself suggests to the Court that his guilty plea was a calculated step in avoiding the uncertainty of a trial. *See* DE 27 at 2. Defendant cannot now attempt to rescind that admittance of guilt for the purposes of Plaintiff's case against him. The Court finds that Defendant had a full and fair opportunity to litigate the issue of his guilt in the previous criminal case.

Having decided the first prong of the offensive collateral estoppel test, the Court now turns to the question of whether it would be otherwise unfair to Defendant to allow Plaintiff to assert collateral estoppel against him, given the particular circumstances of this case. In considering this issue, the Court is permitted to consider factors such as "privity, the defendant's incentive to litigate the prior action, the defendant's ability to defend the prior action, and the ability of the plaintiff to have joined the prior action." *Tofany*, 616 N.E.2d at 1038. Indiana law dictates that when a court considers a defendant's incentive to litigate, the "court may consider the interest at stake for the defendant as well as how the defendant perceived this interest." *Id.*

Most applicable to the Court's analysis in this case is a consideration of Defendant's incentive to litigate his prior criminal case. In particular, Defendant claims that he entered into the plea agreement only to "avoid or reduce the publicity, notoriety, inherent risk, stress, anxiety, expense, and uncertainty of a trial and a permanent felony conviction where the evidence amounted to Terpening's word against Spindler's and [Plaintiff]'s." DE 27 at 6. While it may be that Defendant felt that these reasons were disincentives to litigating his case all the way through a jury trial, he cannot later claim that he has not admitted liability for the counterfeiting crime. A guilty plea "conclusively establishes for purposes of a subsequent civil proceeding that the

6

defendant engaged in a criminal act for which he was convicted." *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir. 1977).

The Court agrees with Plaintiff that Defendant is collaterally estopped from arguing that he is not liable for the underlying criminal act. Because Defendant had a full and fair opportunity to litigate the issue in the state criminal case against him and because it would not otherwise be unfair to allow Plaintiff to assert offensive collateral estoppel against Defendant, summary judgment on the issue of liability is granted in favor of Plaintiff.

**D.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment on the issue of liability [DE 25] is GRANTED.

SO ORDERED on September 17, 2010.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE